## ASSESSMENTS IN ACCORDANCE WITH BENEFITS.

[Circuit Court of Hamilton County.]

FRANCES KUMMER ET AL v. THE CITY OF CINCINNATI ET AL.

Decided, June 24, 1905.

*Assessment—For Street Improvement—Benefits—Depreciation in Value of Property by City's Act—Benefits not Based on Depreciated Value.*

A municipality can not adopt as a basis for estimating the benefits accruing to abutting lots from a street improvement the depreciated value of the lots at the time of the improvement, due to the fact that the street had been used as a dump for waste matter of all kinds, and had thereby become a public nuisance from which property values suffered.

GIFFEN, J.; JELKE, P. J., and SWING, J., concur.

The street improvement involved in this case is the same as that in the case of *Eliza R. Nulsen et al* v. *The City of Cincinnati et al,* recently decided by this court (5 C. C.—N. S., 679), in which it was held that in making the assessment the board of public service did not regard or attempt to regard the benefits thereof to the respective lots, but apportioned the cost and expense of the improvement upon the lots abutting thereon in proportion to their respective frontages upon said improvement, and enjoined the collection of the assessment in excess of the special benefits conferred. The same result must follow in this case, unless the contention of the city that the street, prior to the improvement, being used as a dump for waste matter of all kinds and becoming a public nuisance, thereby depreciated the value of the abutting lots, which should be considered in estimating benefits. The city, however, had control of the street and by statute was charged with the duty of keep-

ing it free from nuisance.  It can not now make that which was occasioned by its own negligence the basis for depreciating the value of the property before the improvement, and thereby sustain the assessment.

Considering the benefits conferred upon the lots in controversy as shown by the testimony and an actual view of the premises, we hold that the assessment upon lot 38 should be sustained to the extent only of fifty ($50) dollars, that being twenty-five (25) per cent. of its value after the improvement; that only one hundred and twenty-five ($125) dollars should be assessed against lot 106; that lot 131 should be assessed one hundred and sixty ($160) dollars, that being twenty-five (25) per cent. of the value of the lot after the improvement; lot 107, one hundred and twenty-five ($125) dollars.  All in excess of such amounts, as well as the entire assessment on lot 125, will be enjoined.

The assessment on lots 82, 95, 96, 116, 117, 219 and 226 will be sustained for the full amount.

A decree may be drawn in accordance with the above finding.

*Albert T. Brown,* for plaintiff.

*Frank H. Kunkel,* for the city.